Filed 8/20/21  P. v. Braley CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B309946 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. Nos. BA296474, BH012446 |
| THOMAS D. BRALEY, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Sergio C. Tapia II, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2007 a jury convicted defendant and appellant Thomas D. Braley of robbery and petty theft with a prior, and found true allegations that Braley had prior convictions for robbery and attempted robbery. (*People v. Braley* (Aug. 14, 2008, B199140) [nonpub. opn.] (*Braley I*); *People v. Braley* (Mar. 13, 2017, B272446) [nonpub. opn.] (*Braley II*).) The trial court sentenced Braley to a Third Strike sentence of 25 years to life plus two five-year terms under Penal Code section 667, subdivision (a)(1).[1] (*Braley II*.) In 2008 we affirmed Braley's conviction but modified the judgment to vacate the conviction for petty theft with a prior. (*Braley I*.)

After the passage of Proposition 47 in 2014, Braley filed a motion to reduce his sentence under that law. The trial court —apparently unaware that we previously had vacated Braley's conviction for petty theft with a prior—reduced Braley's conviction on that count to a misdemeanor, resentenced him to county jail, and stayed that sentence. Braley appealed and his counsel filed a brief identifying no arguable issues and asking us independently to review the record under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Our colleagues in this division also apparently didn't realize we already had vacated Braley's petty theft conviction. In an opinion issued in March 2017, we noted Proposition 47 did not apply to Braley's conviction for second degree robbery and affirmed. (*Braley II*.)

In March 2019, Braley filed a document entitled "PETITION TO 'DISMISS SERIOUS 5-YEAR SENTENCE ENHANCEMENTS' and to be CONSIDERED FOR 'ELDERLY PAROLE.' " Braley cited then-newly-enacted Senate Bill No.

---

[1] References to statutes are to the Penal Code.

2

1393[2] and section 3055.  The superior court found Senate Bill No. 1393 did not apply to Braley, as his case was final long before the bill became effective.  The court also denied Braley's request for elderly parole without prejudice because Braley failed to show he had exhausted his administrative remedies.  (*People v. Braley* (2020) 52 Cal.App.5th 680, 684 (*Braley III*).)

Braley again appealed.  In a published opinion filed July 27, 2020, we reversed the order and remanded for further proceedings.  Because Braley had filed a motion in 2006 to disqualify the judge who later was assigned the 2019 petition, we concluded that judge was disqualified from considering the petition.  (*Braley III*, *supra*, 52 Cal.App.5th at p. 685.)

On remand, Braley's petition was transferred to Judge Sergio C. Tapia II.  On November 9, 2020, Judge Tapia issued a Memorandum of Decision denying Braley's petition to dismiss his five-year priors because his case was final in 2009, when the United States Supreme Court denied his petition for a writ of certiorari.  Judge Tapia also denied Braley's request for parole consideration under the California Department of Corrections and Rehabilitation's elderly parole program.  (See § 3055.)  Judge Tapia noted Braley's claim "appear[ed] to be premature," because he had served only 13 years.  To be eligible for an elderly parole hearing, the court stated, "[a]n inmate must serve a minimum of 25 years on his current offense."  The court also observed that Braley "must first exhaust any administrative remedies prior to seeking judicial relief in the future."

---

[2]    Effective January 1, 2019, Senate Bill No. 1393 amended sections 667 and 1385 to allow a court to exercise its discretion to strike or dismiss prior serious felony convictions for sentencing purposes.  (Stats. 2018, ch. 1013, §§ 1-2.)

Braley again appealed and we appointed counsel to represent him. After examining the record, counsel filed an opening brief raising no issues and asking this court to follow the procedures set forth in *People v. Serrano* (2012) 211 Cal.App.4th 496. Braley was notified that he could file a supplemental brief.

On June 1, 2021, Braley filed a supplemental brief to which he attached several "exhibits."[3] The brief borders on the unintelligible but seems to complain about his trial (mentioning a " 'questionable' " "Identity of the Jury Foreman" and a "fail[ure] to enter the Dep. Dist. Attorney's 'Witness' testimony {on Direct and Cross Examination} on the Record"). Braley asserts he meets the requirements for elderly parole and plans to transfer his supervision to Minnesota, where his brother lives. Because Braley has filed a supplemental brief, we follow the procedures set forth in *Wende*, rather than those in *Serrano*.

As noted, Senate Bill No. 1393 gave trial courts discretion to strike prior serious felony conviction enhancements. It applies retroactively on appeal to *nonfinal* convictions. (*People v. Alexander* (2020) 45 Cal.App.5th 341, 343.) It does not apply to *final* convictions. (*Ibid*.) As Judge Tapia noted, Braley's 2007 robbery conviction here was long since final.

---

[3] The attachments include handwritten documents that purport to be portions of Rule 6 of the Federal Rules of Civil Procedure; sections of the Eighth Amendment to the Constitution of the United States and of an article of the Constitution of California, with citations to cases; Senate Bill No. 224, adding section 3055 to the Penal Code; two letters from Braley's court-appointed counsel to him explaining why there are no arguable issues in his appeal; this court's notice that Braley could file a supplemental brief; what look like medical records from the state prison; and a document entitled Release Date Change Notice.

As for California's elderly parole program, section 3055 as originally enacted in 2017 provided it applied to "any inmate who is 60 years of age or older and has served a minimum of 25 years of continuous incarceration on his or her current sentence, serving either a determinate or indeterminate sentence." (Former § 3055, subd. (a).) Currently, section 3055, as amended in 2020, provides it applies to any inmate who is at least 50 "and has served a minimum of 20 years of continuous incarceration on the inmate's current sentence." (§ 3055, subd. (a).) As Judge Tapia noted, Braley—who was sentenced in April 2007—has not yet served the minimum number of years required.

We have reviewed the entire record and are satisfied no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109-110; *Wende, supra*, 25 Cal.3d at pp. 441-442.)

## DISPOSITION

We affirm the order denying Thomas D. Braley's "PETITION TO 'DISMISS SERIOUS 5-YEAR ENHANCEMENTS' and to be CONSIDERED FOR 'ELDERLY PAROLE.'"

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EGERTON, J.

We concur:

LAVIN, Acting P. J.

KALRA, J.*

---

\*      Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.